UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JONATHAN NOOTENS, *individually, and on behalf of all others similarly situated,* | ) ) ) ) Case No. 22-cv-07010 ) Judge Sharon Johnson Coleman |
| Plaintiffs, | ) ) |
| v. | ) ) |
| MOLSON COORS BEVERAGE COMPANY, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jonathan Nootens ("Plaintiff") filed a class action complaint [1] against Defendant Molson Coors Beverage Company ("Defendant") for violations of the Illinois Consumer Fraud and Deceptive Trade Practices Act, violations of state consumer fraud acts, breaches of express warranty, negligent misrepresentation, fraud, and unjust enrichment, alleging that Defendant manufactures, distributes, and sells "Ranch Water Hard Seltzer" containing "100% Agave & Real Lime Juice" containing "Spiked Sparkling Water" under the Topo Chico brand ("Product") that does not contain tequila. Defendant moves to dismiss the complaint [13] pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons below, the motion is to dismiss is granted.

**Background**

Plaintiff is a citizen of Oswego, Kendall County, Illinois. Defendant is a Delaware corporation with a principal place of business in Chicago, Cook County, Illinois. Defendant manufactures, labels, markets, distributes, and sells "Ranch Water Hard Seltzer" containing "100%

1

Agave & Real Lime Juice" containing "Spiked Sparkling Water" under the Topo Chico brand ("Product"). The Product contains the following ingredients:

> INGREDIENTS: FILTERED CARBONATED WATER, ALCOHOL, LIME JUICE FROM CONCENTRATE, NATURAL FLAVORS, AGAVE SYRUP, SODIUM CITRATE, CITRIC ACID, MAGNESIUM CHLORIDE*, SALT*, POTASSIUM CHLORIDE*. (MINERALS FOR TASTE)

Plaintiff alleges that the label includes pictures of the agave plant, the source crop for tequila and states "4.7% Alc. Vol." ("ABV" or alcohol by volume). Plaintiff alleges that consumers will expect the Product contains ingredients associated with ranch water because that is what the packaging and label tells them. Specifically, Plaintiff alleges that "Hard Seltzer" beneath "Ranch Water" contributes to the expectation the Product will contain tequila because "hard" in the context of alcohol refers to distilled spirits or "hard liquor." He further alleges that the description of the Product as "Spiked Sparkling Water" exploits consumers' understanding of "spiked" referring to the addition of hard liquor to a non-alcoholic drink.

Plaintiff alleges that the representations are misleading because it fails to list tequila and adds a sweetener in the form of "agave syrup," from the source crop of tequila. Even if purchasers read the ingredient list, they will only be told the Product contains "alcohol," with no description of tequila. Plaintiff complains that as a result of the false and misleading representations, the Product is sold at a premium price, approximately no less than $18.99 for a twelve-pack of 12 oz cans, excluding tax and sales.

Plaintiff read "Ranch Water," "Hard Seltzer," "Spiked," and "100% Agave & Real Lime Juice," and expected the Product contained alcohol from tequila. Plaintiff bought the Product at or exceeding the above-referenced price. Plaintiff paid more for the Product than he would have had he known the above-referenced facts or would not have purchased it. Plaintiff intends to, seeks to, and will purchase the Product again when he can assure the Product's representations are consistent with his expectations.

2

**Legal Standard**

A Rule 12(b)(1) motion challenges federal jurisdiction, including Article III standing, and the party invoking jurisdiction bears the burden of establishing the elements necessary for subject matter jurisdiction, including standing. *Thornley v. Clearview AI, Inc.*, 984 F.3d 1241, 1244 (7th Cir. 2021); *Int'l Union of Operating Eng'rs Loc. 139, AFL-CIO v. Daley*, 983 F.3d 287, 294 (7th Cir. 2020). Under Rule 12(b)(1), the Court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in the plaintiff's favor when a defendant has facially attacked standing. *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 2 F.4th 1002, 1007 (7th Cir. 2021).

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint, not its merits. *Skinner v. Switzer*, 562 U.S. 521, 529, 131 S. Ct. 1289, 179 L. Ed. 2d 233 (2011). When considering dismissal of a complaint, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam). To survive a motion to dismiss, plaintiff must "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A complaint is facially plausible when the plaintiff alleges enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

**Discussion**

A. <u>Standing</u>

Defendant first argues that Plaintiffs lack standing to seek injunctive relief. To establish an injury-in-fact for injunctive relief, "a plaintiff must show that the defendant's conduct will likely cause it to suffer damages in the future." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 741 (7th Cir. 2014) (quoting *Kensington's Wine Auctioneers & Brokers, Inc. v.*

*John Hart Fine Wine, Ltd.*, 392 Ill. App. 3d 1, 9, 909 N.E.2d 848 (1st Dist. 2009)). Past exposure to unlawful conduct is insufficient. *Id.; Hamidani v. Bimbo Bakehouse LLC*, No. 22-CV-01026, 2023 WL 167513, at *2 (N.D. Ill. Jan. 12, 2023) (Coleman, J.). Here, Plaintiff is now aware that the Products does not contain tequila and lacks risk of future deception by Defendant. *Hamidani*, 2023 WL 167513, at *2 ("[O]nce a plaintiff knows that a product is deficient, he or she is unlikely to purchase it again, and therefore unlikely to sustain future harm.") Plaintiff therefore lacks standing to pursue injunctive relief.

B. <u>Failure to State a Claim</u>

Next, Defendant alleges that Plaintiff fails to state the following claims: (1) violation of the Illinois Consumer Fraud Act and other state consumer fraud acts; (2) common law claims, including breaches of express warranty, negligent misrepresentation, fraud, and unjust enrichment.

1. *Consumer Fraud Claims*

ICFA is "a regulatory and remedial statute intended to protect consumers against fraud, unfair methods of competition, and other unfair and deceptive business practices." *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 646 (7th Cir. 2019) (cleaned up). To state a claim under the ICFA, Plaintiff must allege "(1) a deceptive or unfair act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deceptive or unfair practice; and (3) the unfair or deceptive practice occurred during a course of conduct involving trade or commerce." *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 574 (7th Cir. 2012). "[T]he facts alleged in a complaint attempting to show fraud under the ICFA must show not just the mere possibility of a fraud, but that fraud is a *'necessary or probable inference* from the facts alleged." *See Spector v. Mondelez Int'l, Inc.*, 178 F. Supp. 3d 657, 672 (N.D. Ill. 2016) (Durkin, J.) (quoting *People ex rel. Hartigan v. E & E Hauling, Inc.*, 153 Ill.2d 473, 180

Ill.Dec. 271, 607 N.E.2d 165, 174 (1992)). Plaintiff must plead that "the relevant labels are likely to deceive reasonable consumers," which "requires a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 474–75 (7th Cir. 2020) (quoting *Beardsall v. CVS Pharmacy, Inc.*, 953 F.3d 969, 972–73 (7th Cir. 2020)); *see also DeMaso v. Walmart Inc.*, 655 F. Supp. 3d 696, 702 (N.D. Ill. 2023) (Rowland, J.).

Plaintiff alleges that the Product's labeling is deceptive because the terms "Hard Seltzer" beneath "Ranch Water" contributes to the expectation the Product will contain tequila as "hard" in the context of alcohol refers to distilled spirits or "hard liquor." Defendant disagrees, claiming that Plaintiff's interpretation of the label is unreasonable as a matter of law.[1]

Here, the Court agrees with Defendant. Plaintiff has failed to plead any facts showing that reasonable consumers could plausibly conclude that the Product contains tequila. Even if the agave is the source plant for tequila, the label and ingredient list make no claim that the Product contains tequila. *See Zahora v. Orgain LLC*, No. 21 C 705, 2021 WL 5140504, at *4 (N.D. Ill. Nov. 4, 2021) (Kendall, J.) ("A reasonable consumer would not read into the label what is simply not there."); *Bell,* 982 F.3d at 476 ("What matters most is how real consumers understand and react to the advertising."); *see also Chiappetta v. Kellogg Sales Co.*, No. 21-CV-3545, 2022 WL 602505, at *5 (N.D. Ill. Mar. 1, 2022) (Aspen, J.)

---

[1] Plaintiff claims that because a ranch water cocktail is commonly understood to contain tequila, sparkling water, and lime, a reasonable consumer would expect that a "Ranch Water Hard Seltzer" would include the exact same ingredients. (Compl. ¶¶ 4-5, 16.) This assertion is inherently flawed. Plaintiff's own allegations contradict the notion that the ingredients in a ranch water cocktail are widely known, such that a significant portion of the general consuming public would associate certain ingredients with ranch water: Plaintiff explicitly pleads that consumers have a "lack of knowledge about …'ranch water.'" *Id.* ¶ 25. Plaintiff must replead or plead additional facts, if possible, to demonstrate a reasonable consumer's expectations when purchasing ranch water.

5

(finding "no reasonable consumer could conclude," based merely on the use of the term "Strawberry" and the picture on the package, that a Strawberry Pop-Tart contained only strawberries, not other fruits, and food dye). Thus, a reasonable consumer could not plausibly conclude that the Product contains tequila under these circumstances.

Accordingly, Plaintiff's ICFA claim is based on an unreasonable interpretation of the Product's label. *See Bell*, 982 F.3d at 477 ("[D]eceptive advertising claims should take into account all the information available to consumers and the context in which that information is provided and used.") As a result, Plaintiff has not stated a plausible claim for relief under the ICFA and his claim is dismissed. *Id.* at 477 ("[W]here plaintiffs base deceptive advertising claims on unreasonable or fanciful interpretations of labels or other advertising, dismissal on the pleadings may well be justified."). Plaintiff's state consumer fraud acts claims and the stand-alone common law fraud claim are similarly based on a legally unreasonable interpretation of the product's front label and do not survive the dismissal motion.[2]

*2. Breach of Express and Implied Warranties and the Magnuson Moss Warranty Act*

Defendant asserts that Plaintiff cannot proceed on his breach of warranty claims as he cannot establish that the advertising was likely to mislead a reasonable consumer; and that he failed to provide pre-suit notice as required by statute. To proceed on an Illinois claim for breach of express warranty, Plaintiff must sufficiently plead that the defendant: "(1) made an affirmation of fact or promise; (2) relating to the goods; (3) which was part of the

---

[2] Plaintiff states that the laws of other states prohibit the use of unfair or deceptive business practices in the conduct of trade or commerce. Accordingly, the Court finds these acts are substantially the same as the ICFA for the purposes of determining whether a reasonable consumer would be deceived by the product's label. *DeMaso*, 655 F. Supp. 3d at 704 (citing *Jacobs v. Whole Foods Mkt. Grp., Inc.*, No. 22-cv-2, 621 F.Supp.3d 894, 897–98 (N.D. Ill. Aug. 16, 2022) (Bucklo, J.).

basis for the bargain; and (4) guaranteed that the goods would conform to the affirmation or promise." *O'Connor v. Ford Motor Co.*, 477 F. Supp. 3d 705, 714 (N.D. Ill. 2020) (Dow, Jr., J.). In a claim for breach of an implied warranty, Plaintiff must allege that " '(1) the defendant sold goods that were not merchantable at the time of sale; (2) the plaintiff suffered damages as a result of the defective goods; and (3) the plaintiff gave the defendant notice of the defect... To be merchantable, the goods must be, among other things, fit for the ordinary purpose for which the goods are used." *Baldwin v. Star Scientific, Inc.*, 78 F. Supp. 3d 724, 741 (N.D. Ill. 2015) (Pallmeyer, J.). Here, this Court found that the label would not mislead a reasonable consumer. Thus, Plaintiff's state law warranty claims fail. *Chiappetta*, 2022 WL 602505, at *5 (dismissal of ICFA claim that product packaging was misleading, was "fatal to [plaintiff's] claims for breach of express and implied warranties.") Plaintiff's MMWA claim fails as well for the same reasons.

    3. *Negligent Misrepresentation and Unjust Enrichment*

The negligent misrepresentation and unjust enrichment claims are based on the same theory. Negligent misrepresentation requires a false statement of material fact. *Tricontinental Indus., Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 833 (7th Cir. 2007). This Court determined that no such false statements were made. Accordingly, this claim fails as a matter of law. *DeMaso*, 655 F. Supp. 3d at 705. Similarly, the unjust enrichment claim fails. Plaintiff's unjust enrichment claim rests on the same improper conduct alleged in his failed consumer fraud claims. Thus, the unjust enrichment claim cannot stand. *See Cleary v. Philip Morris Inc.*, 656 F.3d 511, 517 (7th Cir. 2011); *see also Lederman v. Hershey Co.*, No. 21-CV-4528, 2022 WL 3573034, at *6-7 (N.D. Ill. Aug. 19, 2022) (Dow, Jr., J.) (where ICFA claim failed, negligent misrepresentation and unjust enrichment claims failed as well). Accordingly, negligent misrepresentation and unjust enrichment claims are dismissed.

**Conclusion**

For the stated reasons, Defendant's Motion to Dismiss [13] is granted. While dismissal with prejudice is proper, in an abundance of caution, the Court will allow Plaintiff an opportunity to replead if he believes that he can do so as to any claim dismissed in the opinion above. Plaintiff is given leave to file an amended complaint by April 30, 2024, if Plaintiff has a good faith basis for doing so. Otherwise, the dismissal of this complaint will convert to dismissal with prejudice.

IT IS SO ORDERED.

Date: 3/26/2024

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge